UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF ROOFERS LOCAL 149
SECURITY BENEFIT TRUST FUND, ET
AL.,

   Plaintiffs,

v.

TRAVERSE BAY ROOFING CO. AND
DAVID FERRIS,

   Defendants.
                /

Case No. 16-13091

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [9]**

  Plaintiffs – Trustees of the Roofers Local 149 Security Benefit Trust Fund; Roofers Local 149 Pension Fund; Roofers Local 149 Vacation-Holiday Fund; and Roofers Local 149 Apprenticeship Fund (hereinafter "the Funds") –filed a Complaint [Dkt. 1] on August 25, 2016 against Defendants Traverse Bay Roofing Company and David Ferris, alleging breach of contract under 29 U.S.C. § 1145 and breach of fiduciary duties under 29 U.S.C. § 1109(a). Since the commencement of this lawsuit, the above-named Defendants have not retained counsel; no Notice of Appearance by an attorney has been filed on behalf of these Defendants, nor have they attempted to participate in the proceedings in any way.

1

On October 6, 2016, Plaintiffs requested, and the Clerk of the Court entered, Default as to all Defendants [6-8]. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Plaintiffs subsequently filed this Motion for Default Judgment [9] on December 9, 2016.

The Court will enter default judgment against all Defendants. "Upon a party's default, the well-pleaded allegations of the complaint related to liability are taken as true." *IBEW Local 648 Pension Plan v. Butler County Elec.*, No. 10-467, 2011 U.S. Dist. LEXIS 92263, at *8 (S.D. Ohio July 22, 2011); *see also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995). Accepting as true the facts set forth in the complaint, Defendants violated the parties' Collective Bargaining Agreement ("CBA") when they failed to pay, in addition to wages, employee fringe benefit contributions to the Funds for Traverse Bay employees. Because of Defendants' failure to pay their obligations, the Trustees of the Plaintiff Funds have been unable to discharge their duties as permitted by the CBA. Defendants violated the CBA and various provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

Defendants have failed to plead or otherwise defend on Plaintiffs' claims and are therefore liable on each count set forth in the complaint. "Under ERISA, if

judgment is awarded in favor of a plan in a suit brought on behalf of the plan pursuant to 29 U.S.C. § 1145, 'the court shall award the plan –

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of –

        (i) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.'"

*Butler County Elec.*, 2011 U.S. Dist. LEXIS 92263, at *10 (quoting 29 U.S.C. § 1132(g)(2)). For purposes of provision (g)(2), "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2).

    Plaintiffs seek to recover the following:

- Unpaid fringe benefit contributions: $8,895.75
    - September 2016: $4,009.25
    - October 2016: $4,886.50
- Liquidated damages: $7,187.79
- Interest on the unpaid fringe benefit contributions, 29 U.S.C. § 1132(g)(2)(B): $37.02

- Interest on the unpaid fringe benefit contributions, 29 U.S.C. § 1132(g)(2)(C)(i): $37.02
- Attorney fees and costs of collection: $2,392.50
    - Fees: $1692.50
    - Costs: $700.00

Plaintiffs submitted the affidavit of attorney Matthew I. Henzi to establish the amount of costs and attorney fees incurred. (Pls.' Ex. B, Dkt. 9-3). They have also filed several documents indicating the interest on the unpaid contributions. (Pls.' Ex. C, Dkt. 9-4).

Having carefully reviewed Plaintiffs' documentation setting forth their damages calculations, the Court finds that Plaintiffs have established their right to recover the damages amounts set forth in the Motion for Default Judgment [9].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment should be entered in favor of Plaintiffs and against Defendants for a total of $18,550.08.

**SO ORDERED**.

Dated: March 16, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

4